In re GUARDIANSHIP OF BRISBOY; McDowell,
Appellant; Heydinger, Judge, Appellee.

[Cite as *In re Guardianship of Brisboy* (1994), 94 Ohio App.3d 361.]

Court of Appeals of Ohio,
Huron County.

No. H–93–15.

Decided April 15, 1994.

*Gregory A. McDowell,* for appellant.

*Russell V. Leffler,* Huron County Prosecuting Attorney, and *Richard R. Woodruff,* Assistant Prosecuting Attorney, for appellee.

ABOOD, Presiding Judge.

This is an appeal from a judgment of the Huron County Court of Common Pleas, Probate Division, which found appellant Gregory A. McDowell guilty of civil contempt of court for his failure to comply with the court's prior order to return funds that had been previously dispersed to him as attorney fees.

Appellant asserts the following assignments of error:

"I.   The trial court lacked subject matter jurisdiction to hold the appellant in contempt of court.

"II.   The trial court violated appellant's due process rights by affecting a substantial right of appellant without notice and hearing.

"III.   The trial court erred by not following the statutory procedures for contempt of court actions."

The facts that are relevant to the issues raised on appeal are as follows.   In June 1989, Joseph H. Brisboy was hit by a car and sustained serious injuries.   In July 1990, Joseph's mother, Tammy Brisboy, through appellant, filed a motion in the Huron County Court of Common Pleas, Probate Division, for approval of a settlement of the claims arising out of the accident.   The proposed settlement

included immediate cash payments to Tammy Brisboy and appellant, and periodic payments to Joseph to begin after his eighteenth birthday. In August 1990, the probate court appointed Frederick F. Waugh guardian *ad litem* for Joseph and requested that Waugh advise the court on the appropriateness of the proposed settlement. Waugh filed his report and on March 21, 1991, the probate court denied the application for approval of the settlement, finding that it was not in Joseph's best interest. On June 11, 1991, the Huron County Probate Court appointed John R. Ball guardian of Joseph's estate.

On July 23, 1991, after arranging for Tammy and her family to rent an apartment in Erie County, appellant filed a motion in the Erie County Probate Court for approval of the same proposed settlement which had been filed in and denied by the Huron County Probate Court. The Erie County Probate Court accepted jurisdiction of the case and appointed George Howells guardian of the estate. On September 9, 1991, the Erie County Probate Court approved Howells' application for consent to settle the claim and for the disbursement of the proceeds of the settlement, which included $40,000 in legal fees that was thereafter paid to appellant.

In October 1991, guardian Ball discovered that the case had been filed in Erie County and that the settlement had been approved and proceeds disbursed. On October 25, 1991, Ball filed a motion to set aside the Erie County guardianship and settlement. In his response to Ball's motion, appellant claimed that at all relevant times he believed that Tammy and Joseph resided in Erie County. On March 6, 1992, the Erie County Probate Court held a hearing on the motion at which it heard testimony from Tammy Brisboy that she had never lived in Erie County. On that same date, Tammy Brisboy discharged appellant. On May 7, 1992, the Erie County Probate Court set aside its prior order approving the settlement and ordered all parties who had received any sums from the settlement to return the money to the Erie County Probate Court to be held in escrow subject to further court order.[1] On July 9, 1992, the Huron County Probate Court filed a judgment entry which ordered all parties who had received funds pursuant to the September 9, 1991 order of the Erie County Probate Court to forward those funds to guardian Ball to be held in escrow pending final resolution of the settlement issues. Included therein was an order to appellant to return the $40,000 in fees which had been approved by the Erie County Probate Court. Appellant appealed the July 9, 1992 judgment, but this court dismissed that appeal on January 11, 1993, finding that it was not a final appealable order.

---

1. Appellant appealed that ruling to this court but the appeal was dismissed on September 23, 1992 due to appellant's failure to file a brief.

On November 24, 1992, the Huron County Probate Court approved a settlement, exclusive of the estate assets still retained by appellant. On January 26, 1993, the Huron County Probate Court ordered appellant to transfer to guardian Ball within ten days any and all rights to the proceeds of the annuity contract which had provided for future legal fees of $72,000 and the cash payment of $40,000, to be held in escrow pending determination of what legal fees may be due appellant.

On February 12, 1993, the Huron County Probate Court issued a show cause order which required appellant to show proof of any legal interest in or right to the property he had been ordered to transfer to guardian Ball and show cause why he should not be held in contempt for wrongful retention of estate assets. A hearing was held on the motion on March 2, 1993, at which appellant and his counsel were present. At the hearing, appellant moved to dismiss the action based on lack of subject matter and personal jurisdiction, and the court denied the motion. Following the hearing, the court found that appellant had taken possession and control of estate assets, that he had failed to present proof of his legal interest in those assets, that he had refused and continued to refuse to transfer the assets to the guardian pursuant to previous court orders, and that he had offered no proof of his claim of inability to comply with the previous court order to transfer the assets. The court found appellant in contempt of court and ordered him to be held in the county jail until he repaid the $40,000 to the guardian of the Brisboy estate and fully assigned to the guardian all interest in the $72,000 annuity contract. Appellant filed a timely appeal.

In his first assignment of error, appellant asserts that the Huron County Probate Court lacked subject matter jurisdiction to hold him in contempt of court for his failure to obey the July 9, 1992 order. Appellant argues that the probate court's authority under R.C. 2101.23 to punish for contempt is limited and specifically excludes the power to find him in contempt for his refusal to pay money to the guardian of Joseph Brisboy's estate. Appellee, Judge Thomas E. Heydinger of the Huron County Probate Court, responds that the July 9, 1992 judgment of the Huron County Probate Court which ordered appellant to transfer the estate assets in his possession to the guardian was not an order for the payment of money, which R.C. 2101.23 prohibits, but was an exercise of judicial power pursuant to R.C. 2111.18, which authorizes the probate court to maintain control over any personal injury settlement entered into on behalf of a ward under the probate court's protection.

R.C. 2101.23 provides in pertinent part:

"The probate judge may keep order in his court and has authority throughout the state to compel performance of any duty incumbent upon any fiduciary appointed by or accounting to him. The probate judge may punish any contempt

of his authority as such contempt might be punished in the court of common pleas.

"If a person neglects or refuses to perform an order or judgment of a probate court, other than for the payment of money, he shall be guilty of a contempt of court and the judge shall issue a summons directing such person to appear before the court * * * and show cause why he should not be punished for contempt. * * * If no sufficient excuse is shown, such person shall be punished for contempt."

The Supreme Court of Ohio recently considered the question of the subject matter jurisdiction of the probate courts over the entire amount of settlement funds, including attorney fees to be drawn therefrom. *In re Guardianship of Jadwisiak* (1992), 64 Ohio St.3d 176, 593 N.E.2d 1379. In *Jadwisiak*, an attorney for a personal injury and product liability claim retained $550,000 in settlement proceeds as his attorney fees in the product liability action without notifying his co-counsel of the settlement. The attorney eventually was found guilty of contempt for failure to comply with the probate court's order to return the funds. A show cause hearing was held and the attorney was fined and sentenced to ten days in jail.

Appellant attempts to distinguish *Jadwisiak* by asserting that the attorney cited for contempt in that case did not raise the issue of the probate court's authority to punish for contempt pursuant to R.C. 2101.23 and therefore the holding in *Jadwisiak* cannot be applied to this case. We note, however, that the *Jadwisiak* court did indeed consider the statute in making its ruling.

The court in *Jadwisiak* stated:

"At the core of this case is the requirement that a probate court maintain control over any personal injury settlement entered into on behalf of the ward under the probate court's protection. See R.C. 2111.18." *Id.* at 181, 593 N.E.2d at 1383.

The court continued:

"*We hold that a probate court, in order to maintain control over any personal injury settlement entered into on behalf of a ward under its protection, has subject matter jurisdiction over the entire amount of settlement funds, which includes attorney fees to be drawn therefrom.*

" * * *

"The probate court properly enforced its own order in a contempt proceeding. That power is conferred by R.C. 2101.23 * * *." (Emphasis added.) *Id.* at 181, 593 N.E.2d at 13.

After a thorough review of the record of proceedings in the trial court and the law as stated above, we find that, as in *Jadwisiak*, the orders in question were not orders "for the payment of money" but rather orders to return funds improperly disbursed. In accordance with the foregoing, we find further that the Huron County Probate Court did have subject matter jurisdiction to find appellant in contempt of court and appellant's first assignment of error is found not well taken.

In his second assignment of error, appellant asserts that the probate court violated his due process rights by entering its July 9, 1992 and January 26, 1993 orders to pay the $40,000 and assign the annuity contract to the guardian of the estate without first affording him an opportunity to be heard. Appellant argues that he was never given notice or the opportunity to protect his interest in legal fees until the court had already ordered him to pay the money back. Appellee responds that appellant was present at the hearing on June 30, 1992 after which the Huron County Probate Court ordered all parties who had received funds from the null and void Erie County Probate Court's settlement to forward the funds to the guardian of the estate pending the court's determination of what legal fees might be due appellant.

In addressing appellant's argument that the July 9, 1992 order affected a substantial right without notice and a hearing, we look to our January 11, 1993 decision in which we dismissed appellant's appeal of that same order for lack of jurisdiction because the judgment was not a final appealable order. See *In re Guardianship of Brisboy* (Jan. 11, 1993), Huron App. No. H–92–037, unreported 1993 WL 729627. This court found therein that because appellant's fees had not been approved by a court of competent jurisdiction he had no enforceable right to the money and the trial court's order therefore did not affect a substantial right. In our decision we noted:

"A substantial right is ' * * * a legal right which is enforced and protected by law.' *White Motor Corp. v. White Industries* (1978), 60 Ohio App.2d 82, 85 [14 O.O.3d 64, 66, 395 N.E.2d 1340, 1343]. The entry of July 9, 1992 simply ordered that all parties submit the improperly disbursed funds to the guardian for deposit into an escrow account until a settlement could be reached and approved by a court of competent jurisdiction. * * * The order did not divest any person or party of any legally enforceable right.

" * * *

"Because appellant's fee was not approved by a court of competent jurisdiction, he has no enforceable right to it. Accordingly, the trial court's order did not affect a substantial right of appellant * * *."

In accordance with the foregoing and our findings as to appellant's first assignment of error, this court finds appellant's second assignment of error not well taken.

In his third assignment of error, appellant asserts that the trial court did not exercise its contempt powers in accordance with the requirements of R.C. 2705.02 *et seq.* and thereby violated his rights to due process of law. Upon consideration of the record of proceedings in the trial court as summarized above, the provisions of R.C. 2705.02 *et seq.* and R.C. 2101.23, and our findings under appellant's first and second assignments of error, this court finds that the Huron County Probate Court did properly follow the applicable statutory guidelines in its contempt proceedings and did not act in violation of appellant's rights to due process. Accordingly, appellant's third assignment of error is not well taken.

Upon consideration whereof, the judgment of the Huron County Probate Court is affirmed. Costs of this appeal are assessed against appellant.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.